In the Matter of the Complaint of SIN-
CERE NAVIGATION CORPORATION,
as Owner of the S/S HELENA, for Ex-
oneration From or Limitation of Lia-
bility and Consolidated Cases.

Civ. A. Nos. 68-2243, 68-2250, 68-2254,
  69-2340,  69-2341,  69-2535,  69-2613,
  69-2628,  69-2742,  69-2743,  69-2854,
  69-2855,  69-2889,  69-2899,  69-2903,
  69-2923,  69-2924,  70-40.

United States District Court,
E. D. Louisiana,
New Orleans Division.

July 21, 1970.

Gerald J. Gallinghouse, U. S. Atty.,
Allen van Emerik, George Frilot, Gerald
J. Martinez, New Orleans, La., Joseph
M. Brush, New York City, C. Arthur
Rutter, Norfolk, Va., David H. Burrow,
San Antonio, Tex., Neal D. Hobson, Mil-
ton E. Brener, New Orleans, La., Jeffer-
son deR. Capps, St. Petersburg, La., A.
J. McNamara, Salvador E. Gutierrez,
Arabi, La., Joseph Horne, Julian B.
Humphrey, New Orleans, La., Jerry G.
Jones, Patrick L. Burke, Raymond A.
McGuire, E. Jack Green, Jr., Charles M.

1

Steen, Louis B. Merhige, Anthony Vesich, Alfred M. Farrell, Jr., New Orleans, La., for plaintiff.

Joy S. Miller, New Orleans, La., for defendant.

RUBIN, District Judge:

On December 7, 1968, the S/S HELENA, owned by Sincere Navigation Corporation, and the United States Coast Guard Buoy Tender WHITE ALDER collided in the Mississippi River off Bayou Goula Towhead. The WHITE ALDER sank, and most of her crew were lost. The owner of the S/S HELENA filed a petition seeking exoneration from, or limitation of, liability. (Civil Action No. 68–2254). Claims have been filed in this limitation proceeding on behalf of the decedents and the surviving members of the crew of the WHITE ALDER, and by the United States of America, as owner of the WHITE ALDER.

Before the limitation petition was filed the United States filed suit under the Louisiana Direct Action Statute, LSA–R.S. 22:655 as amended. Civil Action 68–2250. Thereafter 16 other civil actions were instituted by various claimants against the insurers of the S/S HELENA, various members of her crew, and the river pilot who was conning the S/S HELENA at the time of the collision. These were all consolidated by order dated March 11, 1970.

Sincere and its insurers urge that the direct actions against the insurers be stayed until the limitation proceeding has been terminated on the ground that a petitioner in limitation is entitled to have its liability determined by the Admiralty Court, sitting without a jury, prior to, and separate from, any proceedings in the direct actions. To do otherwise, movers submit, would deprive a petitioner in limitation of its federally enacted rights under the Shipowners' Limitation of Liability Act, resulting in a clear conflict between the state direct action statute and the federal statute, and causing an unconstitutional encroachment by the state upon the admiralty jurisdiction.

■ To this end, movers invite the court to sail once again into the waters where a naval engagement was recently fought to see if the men of war can reach a different result. But in this Circuit, if the direct action does not rule the waves, it is at least entitled to freedom of the seas. For Olympic Towing Corporation v. Nebel Towing Company, 5 Cir. 1969, 419 F.2d 230, makes it clear that a direct action lies against the marine insurer, and the insurer is not entitled to the benefit of the Limitation of Shipowner's Liability Act, 46 U.S.C.A. § 183 et seq.

■ But, counsel urges, the question of procedure was not before the court in *Olympic Towing*. It is of course correct that the Fifth Circuit did not discuss in its opinion whether the limitation and the direct actions could be tried at one time. But the lower court proceeding there reviewed was but a single trial in which the trial judge heard both the direct action and the limitation proceeding. The district court entered an interlocutory decree leaving for determination the amount of the insurer's liability. (See footnote 4, 419 F.2d at page 232). That is the procedure proposed to be followed here: a trial at which all issues of liability and limitation will be heard, followed, if necessary, by a determination of the amount of liability.

But, counsel asserts, six years before *Olympic*, the Fifth Circuit ordered a Louisiana direct action stayed until after the Texas limitation proceeding was completed. Tokio Marine & Fire Insurance Company v. Aetna Casualty and Surety Company, 5 Cir. 1963, 322 F.2d 113. This was to prevent the case from being "twice tried and, we fear, twice appealed with the possibility that it might be decided in two different ways." 322 F.2d at 114.

Three years later, "devising practical solutions to avoid or lessen judicial administrative conflicts," the Court of Appeals approved the issuance of an in-

junction by the federal admiralty court (in which limitation proceedings were pending) against the prosecution of direct actions in State Court.[1] Guillot v. Cenac Towing Company, 5 Cir. 1966, 366 F.2d 898. There the court emphasized the administrative nature of the stay, saying:

"—we ought to be certain that a stay entered to assure an orderly efficient administration of that part of the controversy committed exclusively to the Admiralty should not deprive these claimants of the valuable right to an opportunity to secure a different and more favorable finding *if and when* it is ultimately determined as a matter of substantive law that the Limitation of Shipowner's Liability Act does not forbid direct action suits and their prior or simultaneous trial against corporate officers (or liability insurers). A right so valuable ought not to be imperiled by the uncertainty of judicial determination, some in the state court, some in the federal court, perhaps finally at the apex in the United States Supreme Court, of the complex problems of res judicata, collateral estoppel, exclusive jurisdiction, voluntary or involuntary submission to one or more tribunals, or the like." 366 F.2d 907.

But here there is no "judicial administrative conflict." All of the proceedings are in one court, before one judge. To try the limitation proceeding first, to the court alone, then to try the direct actions separately to a jury, would result in two trials as to many identical issues. This is surely sailing around the Horn after the canal is open.

In the *Jane Smith* case, Maryland Casualty Company v. Cushing, 1953, 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806, as here, all of the actions were before the same District Court, but the proceedings had apparently not been consolidated.

"In order to break the deadlock resulting from the differences of opinion within the Court and to enable a majority to dispose of this litigation," the court ordered the direct actions "continued until after the completion of the limitation proceeding." 347 U.S. at 423, 74 S.Ct. at 615.

A more direct course was taken in In Re Independent Towing Co., E.D.La. 1965, 242 F.Supp. 950. The dissent in *Olympic Towing* criticized that decision as "completely wrong." But the majority opinion cited it with approval. 419 F.2d at 234, note 17.

Doubts about the course to steer are put at rest by a footnote in *Olympic Towing*, 419 F.2d at 235:

"It may be noted that the four dissenting Justices in the *Cushing* case argued that the direct actions should be permitted to proceed irrespective of the limitation proceeding. We do not adopt that view because a majority of the *Cushing* Court thought otherwise and, therefore, *Cushing* is probably controlling authority on this question. We do not intend to intimate, however, that the procedural chronology is inviolable. The reason for requiring the limitation proceeding to be completed first is to permit the vessel owner to receive the benefit of his insurance. Where the same purpose can be accomplished otherwise—*e.g.*, where, as in the present case, the direct action and the limitation proceeding are consolidated—or where a chronology would serve no purpose—*e.g.*, where there is only one claimant—the *Cushing* chronology need not be followed.

Therefore the motion to stay is denied.

Mover urges the court to state at this time precisely what issues will be submitted to the jury and what will be de-

---

1. In Mecom v. Shell Oil Company, 5 Cir. 1967, 376 F.2d 31, the court affirmed an order permitting the "institution of direct actions, but not their further prosecution,"

during the limitation proceeding. But this per curiam casts no light on a solution to today's problem.

cided by the court. Those problems will be dealt with, and all counsel afforded a hearing, at a final pre-trial conference to be held prior to trial; at that time, the separate issues will be properly framed and the trial procedure will be precisely formulated.