Complaint of Sincere Navigation Corporation, as owner of the S/S HELENA, for exoneration from or limitation of liability and the Oceanus Mutual Underwriting Association, Ltd.

SINCERE NAVIGATION CORPORATION and the Oceanus Mutual Underwriting Association, Ltd., Appellants,

v.

UNITED STATES of America et al., Appellees.

Virginia O'QUINN, Individually and as Administratrix of the Succession of Walton E. O'Quinn and Natural Tutrix of the minor, Cathleen Caprice O'Quinn, Cross-Appellant,

v.

The OCEANUS MUTUAL UNDERWRITING ASSOCIATION, LTD., et al., Cross-Appellees.

UNITED STATES of America, Cross-Appellant,

v.

S/S HELENA, her engines, etc., In Rem and Sincere Navigation Corporation, et al., Cross-Appellees.

No. 72–2254.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1977.

Joseph M. Brush, New York City, Patrick L. Burke, Clarence A. Frost, New Orleans, La., for Sincere Navigation and Oceanus Mut.

Jerry G. Jones and J. B. Jones, Jr., Cameron, La., for O'Quinn and DeLoach.

Gerald J. Gallinghouse, U. S. Atty., John R. Schupp, Asst. U. S. Atty., New Orleans, La., Allen van Emmerik, Admiralty & Shipping Section, U. S. Dept. of Justice, Walter H. Fleischer, Appellate Sec., Civ. Div. Dept. of Justice, Washington, D. C., for the United States.

Neal D. Hobson, Charles M. Steen, New Orleans, La., for Baker and Abbott.

George A. Frilot, III, E. Jack Green, Jr., New Orleans, La., for Jacks and Lundquist.

Jefferson de R. Capps, St. Petersburg, Fla., for Kraus.

A. J. McNamara, Metairie, La., for Fregia.

Joe L. Horne, New Orleans, La., for Chas. Morrison, June Morrison, Richard Kraus.

Louis B. Merhige, New Orleans, La., for Campisano.

Raymond A. McGuire, New Orleans, La., for Kapowski.

Before WISDOM, CLARK and RONEY, Circuit Judges.

## BY THE COURT:

This litigation was generated by an accident that occurred in 1968. The delay in disposing of the case was, in part, caused by the panel's conclusion to defer its decision until the Court en banc decided *Johnson v. Penrod Drilling Co.*, 5 Cir. 1975, 510 F.2d 234. When we remanded this case—and we were anxious to put an end to this litigation—we stated: "We retain jurisdiction and, hopefully, will finally resolve the appeal shortly after issuance of the [district] court's remand opinion." 529 F.2d at 755.

We asked the trial judge to determine three questions on remand. Each question arose because of a decision that intervened between the date of the final judgment in the district court[1] and the date of the decision of this Court[2] affirming in part and remanding the case to the district court.

### I.

A. In his 1971 judgment, the trial judge awarded damages to the survivor-plaintiffs for "*emotional distress*".[3] In *Sea-Land Services, Inc. v. Gaudet*, 1974, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9, the Supreme Court held that "*loss of society*" is compensable, under the general maritime law, for wrongful death; "*mental anguish or grief*" is not. We asked the trial judge to determine on remand what portion of the award was for loss of society and what portion was for mental anguish or grief. Implicit in this question was the thought that the trial judge should determine the amount to be awarded for loss of society—if his award for emotional distress did not include damages for loss of society. The trial judge stated in his response to the mandate that his award of damages for emotional distress included nothing for loss of society, because at the time of his decision *Gaudet* had not been decided; "[a]ll of the award was for

those elements of damage more aptly described as 'mental anguish or grief' ". Accordingly, on remand he determined the damages suffered by each plaintiff for loss of society.

B. In computing the survivor-plaintiffs' damages for loss of support, the trial judge had stated:

I have to some degree offset discount to present value by the effects of inflation and a likely rise in a decedent's earnings resulting from increases in the general wage level. I have assumed a discount rate of 5%, and a three per cent inflationary level thus making the net discount rate 2%.

329 F.Supp. at 660. In our earlier opinion we asked the district court, on remand, to recompute, in the light of *Johnson v. Penrod Drilling Co.*, 5 Cir. 1975, 510 F.2d 234 (en banc), the damages to be awarded to the plaintiffs for loss of support. *Penrod* held that "the influence on future damages of possible inflation or deflation is too speculative a matter for judicial determination." 510 F.2d at 241. *Penrod* controls the question of the effect of inflation on awarding damages. In the response to the mandate issued in this case, the trial judge recomputed the damages for loss of support after eliminating the element of inflation.

C. In *United States v. Reliable Transfer Company, Inc.*, 1975, 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251, the Supreme Court adopted the comparative negligence rule for property damage in a maritime accident. The district judge had applied the divided damages rule, in accordance with the law as it had existed at the time he rendered his 1971 judgment. Accordingly, we asked the trial judge to apportion the fault between the HELENA and the WHITE ALDER. In his response to our mandate he assessed the respective blame as 35 percent attributable to the HELENA's faults and 65 percent attributable to the WHITE ALDER's.

---

1. *In re Sincere Navigation Corporation*, E.D.La. 1969, 295 F.Supp. 610; 1970, 317 F.Supp. 1; 1971, 327 F.Supp. 1024; 1971, 329 F.Supp. 652.

2. 1975, 5 Cir., 529 F.2d 744.

3. 329 F.Supp. at 655.

## II.

On September 8, 1976, after submission of briefs and oral argument, the trial judge entered a response to the mandate. On October 6, 1976, he entered a supplemental report in response to the remand, relating to Mrs. Virginia O'Quinn. This response also recomputed amounts with respect to other claimants, determined in the manner set forth in the initial response.

On November 9, 1976, counsel for the survivor-appellees moved this Court as follows:

I. For an order granting expeditious handling of further proceedings in this case on the grounds that this matter was initially decided by the District Court on April 12, 1972, and that the thirty-two survivors who were awarded damages by reason of that judgment have waited an inordinate length of time for a final decision by the Court of Appeals;

II. For an order granting reconsideration by the Court of Appeals of those matters decided by the District Court on remand since the decision of the District Court is inconsistent with the law and the evidence and does not properly compensate the survivors-appellees for loss of support; and

III. Alternatively, in the event this Court should refuse to reconsider the decision of the District Court on remand, for an order amending the mandate to require the District Court to enter judgment in accordance with its decision on remand so that the survivors-appellees may appeal from that decision.

On November 16, 1976, the district court filed a minute entry, noting that it was of the opinion that its response to the mandate could be transmitted to the Court of Appeals and serve as compliance with the mandate. The court also noted that some of the parties expressed the view that some sort of judgment should be entered. No consensus was reached in informal conferences. Accordingly, the district court directed counsel to submit proposed forms of judgment and memoranda of authorities on the question whether further action should be taken by way of entry of judgment or otherwise. The court stated that it was aware that counsel for individual claimants have presented an application to the Court of Appeals; that it would, therefore, take no action that might in any way conflict with that application.

On December 17, 1976, after hearing counsel on the matter, the district court prepared and filed a supplemental response on remand in the form of "a judgment that would be entered if the trial court correctly understood the instructions of the Court of Appeals". The judgment was not signed because, in the opinion of the trial judge, "it would be inappropriate for the District Court to enter a judgment in response to the mandate".

## III.

We hold that the district court correctly understood our instructions as stated in our opinion, 529 F.2d 744; that the district court's responses on remand constitute full compliance with the mandate.

On remand, all questions of law had been resolved by *Gaudet, Penrod,* and the *Reliable Transfer* cases, which the district court faithfully followed. To the extent that there existed disputed questions of fact to be resolved on remand, we hold that the district court's findings were not clearly erroneous. No new evidence was submitted on remand.

The appellees have filed a motion to expedite the proceedings in this case. The appellants have not opposed the motion. We have concluded that the most expeditious method to dispose of this case is to inform the parties promptly that the district court's responses to our mandate constitute full compliance with the mandate.

The appellees' motion for reconsideration of issues relating to damages is denied.

The appellees' alternative motion to amend the mandate to require entry of

judgment by the United States District Court is denied, subject however to the caveat that the district court is now free to enter the proposed judgment filed as a supplemental response on remand.